48 CCPA

**NEW CASTLE PRODUCTS, INC.,**
Appellant,

v.

**AMERICAN DOOR COMPANY, Inc.,**
Appellee.

**Patent Appeal No. 6710.**

United States Court of Customs
and Patent Appeals.

July 12, 1961.

dion Pleated Extensible and Contractable Type Having a Folded Frame and a Flexible Sheet Covering of the Accordion Folded Type." Registrant-appellant opposes on the basis of prior use and registration of "Modernfold" for "Fabric Covered Folding Door:"[1] "Fabric And Like Covered Collapsible Metal Frame Units Serviceable As Partition And Door Type Closures:"[2] and "Foldable And Slidable Doors And Partitions."[3]

Since opposer is the prior user and the goods of the parties are essentially the same, the sole issue is whether concurrent use of the marks would be likely to result in confusion, mistake or deception of purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S. C.A. § 1052(d).

In dismissing the opposition, the Trademark Trial and Appeal Board said:

"The term 'fold' which is common to both marks has, admittedly, a descriptive significance as applied to folding doors. The marks otherwise differ as to sound and appearance and create different commercial impressions.

"Considering the nature of the term 'fold' as applied to the goods of the parties and the difference between the marks, it is concluded that there is no reasonable likelihood of confusion or mistake or deception of purchasers."

Opposer alleges error in that conclusion, contending that the issue should not be decided merely on a side-by-side comparison of "Magna-Fold" with "Modernfold," but rather by carefully weighing all the relevant facts. In support thereof, opposer argues in the main that its "Modernfold" mark is a coined or fanciful word; that it is the leading brand name as a result of extensive advertising and promotion; and is, therefore, entitled to an added degree of protection.

---

Cromwell, Greist & Warden, Chicago, Ill. (Fred S. Lockwood, Chicago, Ill., of counsel), for appellant.

Eugene C. Knoblock, South Bend, Ind., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

Applicant-appellee seeks registration of "Magna-Fold" for "Doors of Accor-

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

1. Reg. No. 380,764 issued August 27, 1940.
2. Reg. No. 571,511 issued March 10, 1953.
3. Reg. No. 671,393 issued December 23, 1958.

Opposer is correct in arguing that all relevant facts should be considered, but we have no reason to believe that the board failed to do so. On the contrary, opposer's own witness testified that " 'Fold' is a descriptive term which categorizes a whole industry of folding doors." As such it obviously has no trademark significance when used on folding doors. Other than that single feature the marks are so dissimilar in sound, appearance, spelling and meaning as to preclude a likelihood of confusion. Finding none of the errors urged by appellant, the decision is affirmed.

Affirmed.